# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | | |
|---|---|---|
| Anthony E. Vazquez,<br>Petitioner, | )<br>)<br>) | |
| v. | )<br>) | 1:18cv144 (LMB/JFA) |
| J. Ray Ormond,<br>Respondent. | )<br>)<br>) | |

### MEMORANDUM OPINION AND ORDER

Anthony E. Vazquez, (Vazquez or petitioner),[1] a federal inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the "validity of [his] conviction or sentence as imposed" by the United States District Court for the Eastern District of Pennsylvania. Petitioner's previous collateral challenge to his sentence in the United States District Court for the Eastern District of Pennsylvania was dismissed, and his appeals to the United States Court of Appeals for the Third Circuit and the United States Supreme Court were unsuccessful. See Pet. at 2–3. Petitioner argues that he may collaterally attack his conviction and sentence in a § 2241 petition because relief under § 2255 is inadequate or ineffective to test the legality of his detention. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Petitioner has submitted the filing fee required by 28 U.S.C. § 1914(a). For the reasons that follow, the petition must be construed as an unauthorized effort to file a successive motion to vacate pursuant to 28 U.S.C. § 2255. For this reason, it will be dismissed without prejudice.

### I.

Petitioner states that he is presently incarcerated in this district pursuant to a conviction

---

[1] Technically one applies for a writ of habeas corpus; however, because the standardized form used treats § 2241 proceedings as petitions, the court will characterize Vazquez as a petitioner.

entered in the United States District Court for the Eastern District of Pennsylvania, as a result of his pleading guilty on March 24, 2008, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See United States v. Vazquez, No. 2:07-cr-00423-JS-1 (E.D. Pa. July 24, 2007). Because his criminal history qualified him for "enhanced penalties" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on November 25, 2008, petitioner received a sentencing enhancement that "raised his sentencing exposure from zero to ten years imprisonment to fifteen years to life imprisonment," and he was sentenced to 198 months imprisonment. Dkt. No. 1-4 at 1.

Petitioner admits that the United States Court of Appeals for the Third Circuit affirmed his conviction and sentence on May 25, 2010, United States v. Vazquez, No. 08-4696, 381 F. App'x 168 (3d Cir. May 25, 2010), the United States Supreme Court denied certiorari review on February 22, 2011, Vazquez v. United States, No. 10-6117, 562 U.S. 1222 (2011), and that his timely motion to vacate, pursuant to 28 U.S.C. § 2255, was dismissed on February 7, 2013.

On January 30, 2018, petitioner filed the instant petition alleging that his "December 12, 2001 conviction for Possessing with Intent to Deliver a 'Controlled Substance' (CP # 0007 1123 1/1)" may no longer be considered a "serious drug offense" that can be used to enhance his sentence under the ACCA. Dkt. No. 1-4 at 4. Specifically, petitioner argues that under the "modified categorical approach" advanced in Descamps v. United States, 133 S. Ct. 2276, 2281-85 (2013), and further clarified to require that any alternative elements of a crime increasing a defendant's exposure be proven beyond a reasonable doubt, his "December 12, 2001 conviction for Possessing with Intent to Deliver a 'Controlled Substance' (CP # 0007 1123 1/1)" may no longer be considered a "serious drug offense" that can be used to enhance his sentence under the ACCA. Dkt. No. 1-4 at 4.

Petitioner contends that the "savings clause" of 28 U.S.C. § 2255(e) applies to his conviction and he should be permitted to file his action under 28 U.S.C. § 2241. Specifically, he argues that "from 2006 to 2014 the Third Circuit consistently held that Pennsylvania's drug Statute was only divisible by conduct, not by drug type," but after his direct appeal and section 2255 motion, "the Third Circuit reassessed the Pennsylvania statute underlying [his] previous convictions" and "determined that the statute was also divisible by drug type." Dkt. No. 1-4 at 6-7. According to petitioner, a prior state conviction may be used to enhance a sentence under the ACCA only "if it involves a controlled substance 'as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)' and 'for which a maximum term of imprisonment of ten years or more is prescribed by law.'" Dkt. No. 1-4 at 9. Based on the foregoing, petitioner argues that "his prior convictions are no longer valid ACCA predicates . . . because Pennsylvania's 'delivery' element encompasses a broader range of conduct than the ACCA's 'distribution' element." Dkt. No. 1-4 at 9. In petitioner's view, if the sentencing court had "applied the modified categorical approach, it would have been unable to use Mr. Vazquez's 2001 conviction as an ACCA predicate because there are no . . . records specifying the drug upon which his conviction rests." Dkt. No. 1-4 at 5.

## II.

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on a federal conviction and sentence. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."); however, the Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of district courts to hear second or successive applications for § 2255 federal habeas corpus relief by establishing a "gatekeeping mechanism."

Felker v. Turpin, 518 U.S. 651, 657 (1996). Thus, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A federal inmate may proceed under 28 U.S.C. § 2241 instead of § 2255 only if the inmate demonstrates that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). For instance, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The § 2255(e) exception is narrow; a federal inmate may proceed under § 2241 to challenge his conviction or sentence "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 369 (4th Cir. 2008). Indeed, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." Id. (citations omitted).

The Fourth Circuit uses a conjunctive, three-part test to determine when "§ 2255 is inadequate and ineffective" such that § 2241 may be utilized instead. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Specifically, a petitioner may use § 2241 in lieu of § 2255 if:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. The Fourth Circuit formulated this test expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not

4

criminal but, through no fault of his own, he has no source of redress." Id. at 333 n.3.

Put simply, petitioner's claim is not cognizable under § 2241 because petitioner cannot satisfy the second prong of the Jones criteria.

### III.

Petitioner cannot satisfy the second Jones criterion, namely that "the substantive law changed such that the conduct of which the prisoner was convicted is [no longer] deemed not to be criminal[.]" Id. at 333. In other words, petitioner must show that he is actually innocent of the predicate offenses that triggered his sentencing enhancement. In this respect, Fourth Circuit precedent teaches that the savings clause does not extend to claims of innocence of a sentencing factor. See Poole, 531 F.3d at 267 ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). Indeed, as the Fourth Circuit has stated, "[a]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from actual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010). Here, petitioner cannot show that the substantive law changed such that his predicate offenses—which he does not specify—were no longer deemed criminal; rather, petitioner argues only that changes in the law have altered the classification of his December 12, 2001 conviction such that it may no longer be used to enhance his sentence under the ACCA. The Fourth Circuit's Pettiford decision expressly forecloses such an argument. See 612 F.3d at 284. Thus, the instant § 2241 petition is properly construed as a successive § 2255 motion.

Because the instant petition is properly construed as a successive § 2255 motion, this matter must be dismissed without prejudice because the "appropriate court of appeals" has not authorized this successive motion. See 28 U.S.C. § 2244(b)(3)(A).

5

For the foregoing reasons,

It is hereby ORDERED that this petition is DISMISSED WITHOUT PREJUDICE to petitioner's right to move a panel of the United States Court of Appeals for the Third Circuit for an order authorizing the sentencing court to consider his § 2255 motion.

To appeal this decision petitioner must file a written notice of appeal with the Clerk's office within sixty (60) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wishes to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Failure to timely file a notice of appeal waives the right to appeal this decision. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253; Rule 22(b), Fed. R. App. P. For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner and to CLOSE this action.

Entered this 12th day of March 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge